### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **DAVID LAWRENCE DIXON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:13-07498** |
| ) | |
| **DAVID BALLARD, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Respondent's "Motion to Dismiss for Lack of Subject Matter Jurisdiction or, Alternatively, to Transfer to Court of Appeals" (Document No. 11.), filed on February 28, 2014. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Petitioner has filed a Response to the Respondent's Motion.[1] (Document No. 14.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court grant Respondent's Motion to Dismiss.

### PROCEDURAL HISTORY

**A.     Criminal Action No. 96-F-13:**

On February 28, 1996, the Grand Jury of McDowell County, West Virginia, returned a three-Count Indictment against Petitioner charging him with one count of First Degree Murder, one count of First Degree Sexual Assault, and one count of Abduction of a Person. State v. Dixon, Criminal

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Action No. 96-F-13 (Cir. Ct. McDowell Co. April 14, 1997); (Civil Action No. 1:03-0376, Document 10, Exhibit 1.) Following a jury trial, Petitioner was convicted of all three counts on April 7, 1997. (Id., Exhibit 2.) By Order entered on April 14, 1997, Petitioner was sentenced to life without the possibility of parole for the conviction of First Degree Murder and a consecutive three to ten year term for the conviction for Abduction of a Person.[2] (Id., Exhibit 3.)

On April 15, 1997, Petitioner, by counsel, filed his Notice of Appeal. On November 7, 1997, Petitioner, by counsel, file a "Brief in Lieu of Petition for Appeal" pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). State v. Dixon, Case No. 972506 (W.Va. 1997); (Civil Action No. 1:03-0376, Document 10, Exhibit 4.) Petitioner filed a *pro se* Petition to Withdraw the Anders brief, and Petitioner's appellate counsel filed a Motion to Withdraw as Counsel. (Id.) On November 21, 1997, the West Virginia Supreme Court of Appeals refused Petitioner's Motion to Withdraw the brief, granted counsel's Motion to Withdraw as Counsel, and refused the Petition for Appeal. (Id., Document Nos. 1, 10.)

On December 29, 1997, Petitioner, acting *pro se*, filed in the Circuit Court of McDowell County a Petition for Re-sentencing. (Id., Document No. 10, p. 5.) The Circuit Court re-sentenced Petitioner on January 12, 1998, and appointed counsel for Petitioner's appeal. (Id.) On February 10, 1998, Petitioner, by counsel, filed a Notice of Intent to Appeal. (Id.) On June 2, 1998, Petitioner, by counsel, filed a Petition for Appeal. In his appeal, Petitioner raised the following assignments of error:

---

[2] The Circuit Court did not impose a separate sentence upon the conviction of First Degree Sexual Assault because the "offense was the underlying felony under the felony-murder conviction and as such cannot be punished in addition to the sentence for murder under double jeopardy principles prohibiting multiple punishment for the same offense."

1. The circuit court erred in denying Dixon's motion for a change of venue because Dixon demonstrated there was a present, hostile sentiment against him in McDowell County. Dixon was thereby denied his rights to a fair trial by an impartial jury as guaranteed by Article III, § 14 of the West Virginia Constitution and to due process of law as guaranteed by Article III, § 10 of the West Virginia Constitution and by the Fourteenth Amendment of the United States Constitution.

2. The prosecutor improperly commented in closing argument on Dixon's silence and/or failure to testify at trial, thereby violating his right against self-incrimination guaranteed by the Fifth Amendment of the United States Constitution and by Article III, § 5 of the West Virginia Constitution and West Virginia Code, 57-3-6 (1996).

3. The prosecutor's improper, prejudicial pleas to the jury in closing arguments to protect the safety of community and for sympathy for the victim and her family denied Dixon a fair trial as guaranteed by Article III, § 10 of the West Virginia Constitution and the Fourteenth Amendment of the United States Constitution.

State v. Dixon, Case No. 981601 (W.Va. 1999); (Civil Action No. 1:03-0376, Document 10, Exhibit 5.) The West Virginia Supreme Court of Appeals denied Petitioner's Petition for Appeal on March 9, 1999. (Id.) Petitioner did not file a Petition for Writ of *Ceriorari* in the United States Supreme Court.

**B.      First Petition for Writ of *Habeas Corpus ad Subjiciendum*:**

On March 26, 1998, Petitioner, proceeding *pro se*, filed his Petition for Writ of *Habeas Corpus ad Subjiciendum* in the West Virginia Supreme Court of Appeals, invoking the Court's original *habeas* jurisdiction. State ex rel. Dixon v. Trent, Case No. 981031 (W.Va. 1999); (Civil Action No. 1:13-07498, Document No. 14-1, pp. 15 - 31.) On January 28, 1999, the West Virginia Supreme Court of Appeals summarily refused Petitioner's *habeas* Petition without prejudice. (Id., p. 32.)

**C.      Second Petition for Writ of *Habeas Corpus ad Subjiciendum*:**

On September 27, 1999, Petitioner filed a second Petition for a Writ of *Habeas Corpus ad*

3

*Subjiciendum* with the West Virginia Supreme Court of Appeals. State ex rel. Dixon v. Trent, Case No. 992526 (W.Va. Feb. 24, 2000). (Civil Action No. 1:03-0376, Document 10, Exhibit 7.) On February 24, 2000, the West Virginia Supreme Court of Appeals summarily refused Petitioner's *habeas* Petition without prejudice. (Id.)

**D.      First Section 2254 Petition:**

On October 29, 1999, Petitioner, proceeding *pro se*, filed his first Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody. Dixon v. Painter, Civil Action No. 1:99-0964 (S.D.W.Va. Sept. 26, 2001), Document No. 1. In his Petition, Petitioner alleged the following grounds for *habeas* relief:

1. The trial judge denied Petitioner's motion for a change of venue when Petitioner had adequately demonstrated that there was a "clear and present hostile sentiment" within the county of the trial.

2. The prosecutor used a peremptory strike in a discriminatory manner to cause Petitioner to be under represented by a fair cross section of the community.

3. DNA - R.F.L.P. analysis and PCR amplification and frequencies of 1 in 138,282,467 and 1 in 385,402,639. The State's evidence in chief was manifestly inadequate for its admission in trials, for said evidence is of "novel scientific evidence," and that it failed to meet and satisfy the threshold of reliability necessary to permit its introduction as evidence in trial.

4. Through malicious tactics of the prosecution, the State during its closing arguments made direct and prejudicial comments on Petitioner's silence, in that the comment clearly stated that Petitioner did not present any evidence to rebut the State's evidence.

5. The trial judge failed to maintain a "neutral and detached body of law" throughout the entire proceeding, with the most paramount effects of his misconduct can be felt during his charging of the jury with an 'Allen" type instruction on reasonable doubt that did not correctly state the law.

    Furthermore, the actions of the trial judge resulted in Petitioner amassing cumulative errors which also effect the outcome of trial.

Id. By Proposed Findings and Recommendation filed on December 20, 2000, United States Magistrate Judge Mary Stanley Feinberg recommended that the District Court find that Petitioner had not presented his third ground for relief concerning the admission of DNA evidence in the State Court, and therefore, his petition should be dismiss. Id., Document No. 19. By Judgment Order entered on September 26, 2001, the District Court dismissed Petitioner's Petition based upon his failure to exhaust all available state remedies with respect to grounds two, three, and five. Id., Document No. 24. Petitioner filed his Notice of Appeal. Id., Document No. 25. On December 10, 2001, the Fourth Circuit Court of Appeal "dismissed as modified" Petitioner's appeal. Dixon v. Painter, 22 Fed.Appx. 263 (4th Cir. 2001). Specifically, the Fourth Circuit stated that "[w]e have reviewed the record and the district court's opinion accepting the recommendation of the magistrate judge and find no reversible error. However, we modify the district court's order to reflect dismissal without prejudice to Dixon's ability to refile after he exhausts state remedies." Id.

### E. First *Habeas* Petition filed in Circuit Court:

On February 4, 2002, Petitioner, proceeding *pro se*, filed his first Petition for Writ of *Habeas Corpus* in the Circuit Court of McDowell County. Dixon v. Painter, Case No. 02-C-34 (Cir. Ct. McDowell Co. May 16, 2002); (Civil Action No. 1:03-0376, Document 10, Exhibit 8.) Petitioner raised the following grounds for *habeas* relief:

1. Denial of change of venue.

2. Prosecutor's use of a peremptory strike to cause an under-representation on the panel.

3. The DNA submitted at trial as the State's only evidence was manifestly inadequate and insufficient.

4. The prosecutor made prejudicial comments on Petitioner's silence during the closing argument.

5

> 5. Trial judge failed to maintain a neutral and detach body of law throughout all of the trial proceedings.

(Id.) By Order entered May 16, 2002, the Circuit Court dismissed grounds 1, 3, 4, and 5 pursuant to West Virginia Code § 53-4A-3, "because the 'contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived." (Id., Exhibit 9.) With respect to Ground Two, the Circuit Court found that "the prosecution had good cause for striking the prospective juror due to the discovery of possible personal bias of the juror during voir dire." (Id.) Therefore, the Circuit Court dismissed Petitioner's *habeas* petition. (Id.)

On June 25, 2002, Petitioner filed his appeal of the denial of the State *habeas* petition to the West Virginia Supreme Court of Appeals. Dixon v. Coleman, Case No. 021485 (W.Va. Jan. 17, 2003). (Id., Exhibit 10.) Specifically, Petitioner asserted that the Circuit Court erred by "denying Petitioner's writ of habeas corpus under the principles of res judicata when due process required the Circuit Court Judge to conduct a hearing on all the issues raised in the instant petition and to determine whether Petitioner had raised a federal claim or state claim for relief, furthermore, the Circuit Court erred in not articulating in its Order the reasons for the dismissal." (Id.) The West Virginia Supreme Court of Appeals refused the Petition on January 17, 2003. (Id.)

**F.  Second Section 2254 Petition:**

Petitioner filed his second Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody on April 29, 2003. Dixon v. McBride, Civil Action No. 1:03-0376 (S.D.W.Va. March 5, 2004), Document No. 1. In his Petition, Petitioner alleged the following grounds for *habeas* relief:

> 1. The State erred in denying Petitioner's Motion for a Change of Venue.

6

    2.      The prosecutor used a peremptory strike to cause Petitioner to be under-represented by a fair cross-section of the community.

    3.      The D.N.A. submitted as the State's Evidence in Chief was manifestly inadequate for it did not comport to establish guidelines.

    4.      The prosecutor made prejudicial comments during the closing arguments with regards to Petitioner's silence.

    5.      Petitioner was denied due process when the Circuit Court of McDowell County and the West Virginia Supreme Court of Appeals refused to exercise jurisdiction when the former court refused Petitioner's petition for habeas corpus under the principle of res judicata and ruled on a ground without first conducting a hearing; and the later court refused Petitioner's appeal.

Id. By Order entered on May 28, 2003, the undersigned directed Respondent to show cause why Petitioner's Petition should not be granted. Id., Document No. 6. On July 2, 2003, Respondent filed his consolidated Answer, Motion to Dismiss, Motion for Summary Judgment, and Memorandum of Law in Support. Id., Document No. 10. By Proposed Findings and Recommendation entered on January 27, 2004, the undersigned recommended that the District Court grant Respondent's Motion to Dismiss and Motion for Summary Judgment.[3] Id., Document No. 23. Petitioner filed Objections on February 12, 2004. Id., Document No. 27. By Judgment Order entered on March 5, 2004, United States District Judge David A. Faber adopted the undersigned's recommendation and granted Respondent's Motion to Dismiss and Motion for Summary Judgment. Id., Document No. 28. On March 11, 2004, Petitioner filed his Notice of Appeal. Id., Document No. 30. The Fourth Circuit Court of Appeal dismissed Petitioner's appeal on May 20, 2004. Dixon v. McBride, 96 Fed.Appx.

---

[3] Specifically, the undersigned found as follows: (1) Respondent's Motion to Dismiss should be granted as to Grounds 2 and 3 as those grounds were procedurally defaulted; (2) Respondent's Motion to Dismiss as to Ground 5 should be granted as the claim was not cognizable under federal habeas review; and (3) Respondent's Motion for Summary Judgment should be granted as to Grounds 1 and 4.

918 (4th Cir. 2004).

G.     **Second *Habeas* Petition filed in Circuit Court:**

On May 11, 2005, Petitioner, proceeding *pro se*, filed his second Petition for Writ of *Habeas Corpus* in the Circuit Court of McDowell County. Dixon v. McBride, Case No. 05-C-93 (Cir. Ct. McDowell Co.); (Civil Action No. 1:13-07498, Document No. 14-1, pp. 35 - 53.). In his Petition, Petitioner argued that "[t]he D.N.A. evidence in this case failed to satisfy the State law on the introduction of this type of evidence into trials." (Id.) By Order dated May 11, 2005, the Circuit Court dismissed Petitioner's second *habeas* petition. (Id., Document No. 5-1, pp. 10 - 12.) On August 26, 2005, Petitioner filed a petition for appeal from the Circuit Court's decision. (Id., Document No. 14-1, pp. 54 - 62, 66 - 73.) By Order entered on November 29, 2005, the West Virginia Supreme Court of Appeals granted Petitioner appeal, remanded the case back to the Circuit Court for appointment of counsel and the holding of an omnibus hearing. (Id., Document No. 5-1, p. 13.); Dixon v. McBride, Case No. 32897 (W.Va. Nov. 29, 2005). By Order entered December 21, 2005, the Circuit Court appointed counsel, Charles B. Mullins, to represented Petitioner. (Civil Action No. 1:13-07498, Document No. 5-1, p. 14.) On January 8, 2007, Mr. Mullins filed "Petitioner's Motion for Approval to Retain and Compensate Expert Witnesses." (Id., Document No. 14-2, pp. 19 - 21.) A hearing upon the Motion was scheduled for February 22, 2007. (Id., pp. 22 - 23.) On February 15, 2007, Petitioner filed a Complaint with the Lawyer Disciplinary Board concerning Mr. Mullin's representation. (Id., pp. 26 - 40.) The Lawyer Disciplinary Board dismissed Petitioner's Complaint on October 18, 2007, finding insufficient evidence to establish any violation of the Rules of Professional Conduct. (Id., pp. 49 - 52.) By letter dated December 2007, Petitioner appealed the dismissal of his Complaint filed with the Office of Disciplinary Counsel. (Id., pp. 53 -

8

57.) On February 26, 2008, Petitioner filed a Pro Se Petition for Writ of Mandamus in the West Virginia Supreme Court of Appeals requesting the commencement of the omnibus hearing. (Id., Document No. 5-1.) By Order entered March 7, 2008, the Circuit Court granted Mr. Mullins' Motion to Withdraw as Counsel and appointed Keith A. Darling to represented Petitioner. (Id., Document No. 14-2, pp. 67 - 68.) By letter dated March 13, 2008, the Office of Disciplinary Counsel advised Petitioner that the Investigative Panel considered his appeal and found no reason to reopen his complaint. (Id., pp. 69 - 70.) The Circuit Court entered a Scheduling Order on April 30, 2008. (Id., p. 78.) By Order entered on June 25, 2008, the West Virginia Supreme Court of Appeals denied Petitioner's Petition for Writ of Mandamus. (Id., p. 84.) By Order enter on September 2, 2008, the Circuit Court granted Mr. Darling's Motion to Withdraw and appointed Thomas J. Gillooly as counsel. (Id., pp. 74 - 76, 85 - 86.) On April 5, 2011, Mr. Gillooly filed a Motion requesting permission to withdraw as counsel. (Id., pp. 122 - 126, 132.) By Order dated May 17, 2011, the Circuit Court granted Mr. Gillooly's Motion to Withdraw as Counsel. (Id., p. 132.) Based upon a review of correspondence between Petitioner and Mr. Gillooly, it appears Mr. Gillooly provided Petitioner with a copy of his file and Petitioner is currently proceeding *pro se*. (Id., pp. 127 - 131.)

**H.     Third Section 2254 Petition:**

On April 9, 2013, Petitioner filed his "Notice of Intent to File" a Section 2254 Petition with this Court "due to the inordinate delays and inactions in his current state habeas corpus petition." (Id., Document No. 1.) Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody on April 30, 2013. (Id., Document No. 4.) In his Petition, Petitioner alleges the following grounds for *habeas* relief:

  1. Trial court erred in denying Petitioner's Motion for Change of Venue. A professional pollster approved by the W. Va. Supreme Court of Appeals -

9

> Administrative Office, presented evidence and testimony that Petitioner could not get a fair trial in McDowell County due to the present hostile sentiment existing in McDowell County. The State presented no evidence on this issue.
>
> 2. The Prosecutor used a peremptory strike to cause Petitioner to be under-represented on the jury, a Batson violation.
>
> 3. The DNA evidence was inadequate and insufficient for trial and should not have been admitted into evidence. The trooper analyst testified to committing several error that invalidates the results. He also had generated a frequency so high it was unbelievable. He also identified during testing, a third individual, and having not completed the test as required by manual. The trooper analyst testified that had he performed all of the tests required, Petitioner would've been excluded as a suspect.
>
> 4. The Prosecutor made prejudicial comments during his closing arguments on Petitioner's silence and made prejudicial pleas to the jury. The Prosecutor did inform the jury that Petitioner did not get a DNA test of his own, he further stated that only a "guilty person would do that." Also, the Prosecutor made prejudicial pleas to the jurors to perform a higher duty when he sought sympathy for the victim and her family by empathically referring to Petitioner as a "predator" and should not be released back into our community, think of how she went out of this life, think of her family.
>
> 5. The trial judge failed to maintain a neutral and detached body of law throughout all of the trial proceedings.

(Id., pp. 5 - 12.).

Also on April 30, 2013, Petitioner filed a "Motion to Waive Exhaustion Requirements Pursuant to 28 U.S.C. § 2254(b)(1)(B)(i) and 28 U.S.C. § 2254(b)(1)(B)(ii)." (Id., Document No. 5.) Specifically, Petitioner requested that the Court find that the "exhaustion requirement pursuant to 28 U.S.C. § 2254(b)(1) be waived." (Id.) In support of his Motion, Petitioner argued that his State remedies are rendered ineffective by inordinate delay or inaction by the Circuit Court of McDowell County. (Id.) By Order entered on January 30, 2014, the undersigned denied Petitioner's "Motion to Waive Exhaustion Requirements Pursuant to 28 U.S.C. § 2254(b)(1)(B)(i) and 28 U.S.C. §

2254(b)(1)(B)(ii)." (Id., Document No. 8.) Specifically, the undersigned found Petitioner's above motion more appropriately considered as a Supplement to his Section 2254 Petition because Petitioner argues he is excused from the exhaustion requirement based upon Section 2254(b)(1)(B)(i) and (ii). (Id.)

By Order entered on January 30, 2014, the undersigned directed Respondent to show cause, if any, why Petitioner's Petition should not be granted. (Id., Document No. 9.) On February 28, 2014, in response to the Court's Order, Respondent filed his "Motion to Dismiss for Lack of Subject Matter Jurisdiction or, Alternatively, to Transfer to Court of Appeals" and Memorandum in Support thereof with Exhibits. (Id., Document Nos. 11 - 12.) Specifically, Respondent argues that Petitioner's Petition should be dismissed because it "constitutes a second habeas corpus application within 28 U.S.C. § 2244(b)(3)(A)" and "Petitioner has not satisfied the requirement of 28 U.S.C. § 2244(b)(3)." (Id.) As Exhibits, Respondent attaches the following: (1) A copy of Petitioner's first Section 2254 Petition as filed in Civil Action 1:99-0964 (Id., Document No. 1-1.); (2) A copy of Petitioner's second Section 2254 Petition as filed in Civil Action No. 1:03- 0376 (Id., Document No. 1-2.); and (3) A copy of the undersigned's Proposed Findings and Recommendation as entered on January 27, 2004, in Civil Action No. 1:03-0376 (Id., Document No. 1-3.)

On March 4, 2014, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's Motion to Dismiss. (Id., Document No. 13.) On April 17, 2014, Petitioner filed his Response in Opposition. (Id., Document No. 14.) First, Petitioner argues that "Respondent's reliance on procedural-default rules and other relief-avoidance doctrines is purely mechanical, simply used to complicate complications, and as such, the Motion must be denied in the interest of comity and federalism."

11

(Id., pp. 2, 6 - 7.) Petitioner argues that "[s]ince both of Petitioner's federal petitions were dismissed for failure to exhaust available state remedies, the doctrine of procedural-default, as being advanced by the Respondent, by counsel, is at best, non-applicable to the proceeding before this Court." (Id., p. 7.) Second, Petitioner argues that he should be excused from the exhaustion requirement because "the system of seeking relief is futile." (Id., pp. 2 - 6.) Petitioner states that he "is before this court on an inordinate, unjustifiable delay motion as a result of his habeas corpus petition idling for eight (8) years five (5) months, without a single action being commenced." (Id., pp. 8 - 10.)

## THE APPLICABLE STANDARDS

Federal *habeas* relief is available to a State prisoner under 28 U.S.C. § 2254, only if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a)(2002); See also Sargent v. Waters, 71 F.3d 158, 160 (4th Cir. 1995). Section 2254(d) provides that when the issues raised in a Section 2254 Petition were raised and considered on the merits in State Court *habeas* proceedings, federal *habeas* relief is unavailable unless the State Court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the Supreme Court stated that under the "contrary to" clause in § 2254(d)(1), a federal *habeas* Court may grant *habeas* relief "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13, 120 S.Ct. at 1523. A federal

*habeas* Court may grant relief under the "unreasonable application" clause of § 2254(d)(1) where the State Court identified the appropriate Supreme Court precedent but unreasonably applied the governing principles. Id. In determining whether the State Court's decision was contrary to, or was an unreasonable application of, Supreme Court precedent, all factual determinations by the State Court are entitled to a presumption of correctness. 28 U.S.C. § 2254(e).[4] On this framework, consideration should be given to Respondent's Motion to Dismiss.

**Motion to Dismiss**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff

---

[4] Title 28, U.S.C. Section 2254(e) provides:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
    (A) the claim relies on –
        (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
        (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

13

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## DISCUSSION

The Court finds that Petitioner's instant Section 2254 Petition should be deemed to constitute a second or successive Section 2254 application and dismissed. The record reveals that Petitioner filed his first[5] Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody on April 29, 2003. Dixon v. McBride, Civil Action No. 1:03-0376 (S.D.W.Va. March 5, 2004). A subsequent petition is considered to be successive if the first petition was dismissed on the merits. Slack v. McDaniel, 529 U.S. 473, 485-89, 120 S.Ct. 1595, 1604-07, 146 L.Ed.2d 542 (2000);Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 131 U.S. 1289, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). By Judgment Order entered on March 5, 2004, District Judge Faber granted Respondent's Motion to Dismiss and Motion for Summary Judgment in Civil Action No. 1:03-0376. Dixon v. McBride, Civil Action No. 1:03-0376,

---

[5] Technically, this was Petitioner's second Section 2254 petition. The first petition, however, was dismissed without prejudice for failure to exhaust and would not make the current petition successive.

Document No. 28. Although Grounds 2 and 3 were dismissed based upon procedural default, a dismissal for procedural default is a dismissal on the merits. Harvey, 278 F.3d at 379-80. Accordingly, the undersigned finds that Petitioner's Section 2254 Petition as filed in Civil Action No. 1:03-0376 was dismissed on the merits.

Title 28 U.S.C. § 2244(b) provides as follows:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application should be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless - -

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

       (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). A review of the record reveals that Grounds 1 through 4 as set forth in Petitioner's instant Petition were asserted and considered in his prior *habeas* proceedings before this Court. Thus, Grounds 1 through 4 are considered successive under Section 2244(b)(1). It appears that Ground 5 of Petitioner's instant Petition was not presented in his prior *habeas* petition. Petitioner, however, make no argument that (1) he is relying on "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court," or (2) that the factual predicate for Ground 5 could not have been previously discovered through the "exercise of due

diligence" and those facts "establish by clear and convicting evidence that, but for constitutional error, no reasonable factfinder" would have found Petitioner guilty. As claims of error in Ground 5, Petitioner asserts cumulative trial errors. Thus, the factual predicate for Ground 5 was known at the time of trial and at the time Petitioner filed his first federal *habeas* petition. The undersigned, therefore, finds that Ground 5 is successive as Petitioner has failed to satisfy any of the exceptions under Section 2244(b)(2).

Section 2244(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). Petitioner has provided no evidence that he obtained authorization from the Fourth Circuit to file a successive Section 2254 petition. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") Accordingly, the undersigned finds that this matter must be deemed to constitute a second or successive Section 2254 petition and dismissed[6] pursuant to 28 U.S.C. § 2244(b) because Petitioner has not obtained the authorization of the Fourth Circuit Court of Appeals to proceed with his claims in the District Court.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document No. 11.), and

---

[6] The undersigned declines to transfer the instant Petition to the Fourth Circuit Court of Appeals as there is no indication or argument that Petitioner can satisfy Section 2244(b)(2). *See Winestock*, 340 F.3d at 205(regarding state prisoners, the court of appeals examines the application to determine whether it contains any claim that satisfies Section 2244(b)(2).)

remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner.

Dated: May 27, 2014.

                                                            *R. Clarke VanDervort* (signature)
                                                            R. Clarke VanDervort
                                                            United States Magistrate Judge