IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

DAVID LAWRENCE DIXON,

Plaintiff,

v. CIVIL ACTION NO. 1:13-07498

DAVID BALLARD, Warden,
Mount Olive Correctional Complex,

Defendant.

MEMORANDUM OPINION AND ORDER

By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings of fact and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1). Whereupon, Magistrate Judge VanDervort submitted his Findings and Recommendation ("PF&R") to the court on May 27, 2014, in which he recommended that this court grant defendant's motion to dismiss and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendations. The court need not conduct a de novo review of the PF&R when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

On June 12, 2014, plaintiff filed his objections to the magistrate judge's Findings and Recommendation. Much of plaintiff's eleven-page filing is devoted to restating the arguments he has previously raised, without addressing the specific ground on which the magistrate judge recommended dismissal: that the instant petition must be dismissed as an unauthorized second or successive Section 2254 petition because of Dixon's prior such filing, Dixon v. McBride, Civil Action No. 1:03-00901. Indeed, many of plaintiff's objections seek to reopen issues that were decided in the earlier Section 2254 action, i.e., that plaintiff's second and third grounds for relief in that proceeding, which mirror the second and third grounds for relief in this case, should be treated as exhausted because they were procedurally defaulted. See Dixon v. McBride, Civil Action No. 1:03-00901, Doc. No. 28. Dixon's appeal of this court's decision in that regard was dismissed. See Dixon v. McBride, 96 F. App'x 918 (4th Cir. 2004).

For example, Dixon writes: "The core issue regarding this petition is being overlooked by the Magistrate: *did it satisfy the exhaustion requirements rule announced in Picard v. Connor*? Answering in the *affirmative*, the next question direct [sic] us to look at the *dismissal fo the federal petition for procedural default allegations*, because the dismissal of the first habeas petition did not create a nexus to the second petition." Objections at p. 8 (emphasis in original). Because Magistrate

Judge VanDervort correctly determined that the instant petition was an unauthorized second or successive § 2254 petition, he did not need to consider Dixon's arguments regarding exhaustion. Accordingly, his objections are without merit and, therefore, **OVERRULED.**

As to plaintiff's objections concerning the delay surrounding his second state habeas petition, currently pending in the Circuit Court of McDowell County, Dixon v. McBride, Case No. 05-C-93, they are not properly before this court. If plaintiff wishes to speed up the state court action, he should file a writ of mandamus with the Supreme Court of Appeals of West Virginia. See Rydbom v. Ballard, Civil Action No. 6:07-cv-00711, 2009 WL 305079, *2 (S.D.W. Va. Feb. 6, 2009).

Dixon also objects to the following statement in the PF&R: "The undersigned declines to transfer the instant Petition to the Fourth Circuit Court of Appeals as there is no indication or argument that Petitioner can satisfy Section 2244(b)(2)." PF&R at p. 16 n. 6. Having reviewed the record in this case, the court finds this objection to be without merit and, accordingly, it is **OVERRULED.**

In conclusion, the court notes that Dixon's objections are largely unintelligible and contain many statements that are,

in fact, not true.[*] However, even giving his filing a liberal construction, his objections herein are without merit.

For the foregoing reasons, plaintiff's objections are **OVERRULED**. The court **ADOPTS** the findings and conclusions contained in Magistrate Judge VanDervort's PF&R, **GRANTS** defendant's motion to dismiss, and **DISMISSES** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court DENIES a certificate of appealability.

---

[*] For example, plaintiff objects that Magistrate Judge VanDervort did not consider his 2002 state habeas petition. Objections at p. 8. This statement is patently untrue as the PF&R specifically discussed Dixon's Petition for Writ of Habeas Corpus filed in the Circuit Court of McDowell County on February 4, 2002. See PF&R at pp. 5-6.

The Clerk is **DIRECTED** to remove this matter from the court's docket and to send copies of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

IT IS SO ORDERED this 11th day of September, 2014.

ENTER:

David A. Faber
Senior United States District Judge