IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

DAVID LAWRENCE DIXON,

    Plaintiff,

v.                          CIVIL ACTION NO. 1:13-07498

DAVID BALLARD, Warden,

Mount Olive Correctional Complex,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    Pending before the court is Dixon's Motion for Reconsideration under Fed. R. Civ. P. 60(b). (Doc. No. 24). For the reasons that follow, the motion is denied.

    By Judgment Order entered by this court on September 11, 2014, the court adopted Magistrate Judge VanDervort's proposed findings and recommendation (PF&R) in which he recommended that the district court grant defendant's motion to dismiss, deny plaintiff's petition under 28 U.S.C. § 2254, and direct the Clerk to remove this case from the court's active docket.

    Rule 60(b) of the Federal Rules of Civil Procedure provides that

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed

1

>     or vacated; or applying it prospectively is no longer
>     equitable; or (6) any other reason that justifies
>     relief.

Fed. R. Civ. P. 60(b).  As a preliminary matter, a party must also show "that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside."[1]  Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987).  Courts generally address these latter three considerations before proceeding to consider the moving party's stated reason for opening the default judgment.  Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 266 (4th Cir. 1993)("Once the movant has met the threshold showings, he must satisfy one of the six enumerated grounds for relief under Rule 60(b).").  Where a party is unable to establish justification, however, the court may bypass the threshold analysis.  Robinson v. Wix Filtration Corp., LLC, 599 F.3d 403, 411 n.9 (4th Cir. 2010).

    Here, Dixon is not entitled to relief from judgment because he cannot satisfy the initial threshold requirements.  Nor has he shown grounds for relief from judgment under any of the subsections of Rule 60(b).  Because he cannot make the requisite

---

[1]  As the court noted in Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993), "exceptional circumstances" is occasionally noted as a fourth threshold requirement.  See Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)(cited in Gray, 1 F.3d at 264); and Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979).

showing under Rule 60(b), he is not entitled to relief from judgment. Accordingly, his motion is DENIED.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

It is SO ORDERED this 20th day of April, 2015.

ENTER:

David A. Faber
Senior United States District Judge